1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

11

ESTECH SYSTEMS IP, LLC,

Plaintiff,

v.

OOMA, INC., et al.,

Defendants.

Case No.   24-cv-02527-EJD

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 24

17     In this patent infringement case, Plaintiff Estech Systems IP, LLC accuses Defendant

18 Ooma, Inc. of infringing three patents, U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684

19 (the "'684 Patent"), and 7,123,699 (the "'699 Patent") (together, the "Asserted Patents"), directed

20 to systems and methods for providing communications systems, including voice over IP ("VoIP")

21 telephony.  Ooma moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6).

22 ECF No. 24.  After carefully reviewing the documents, the Court found this matter suitable for

23 decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below,

24 the Court GRANTS Ooma's Motion.

25 **I.     BACKGROUND**

26     Estech, a Texas Corporation, is an affiliate of Estech Systems, Inc. ("ESI").  Compl. ¶ 8.

27 ESI is a US-based provider of end-to-end business phone solutions.  *Id.*  ESI offers "a full

28 Case No.: 24-cv-02527-EJD
ORDER GRANTING MOTION TO DISMISS

solutions portfolio of modern business phone systems, including Cloud, Hybrid, Pure IP, and SIP

dial tone products." *Id.* ¶ 11. ESI's products include "the most integrated cloud PBX in the

market—the award-winning ESI Cloud PBX; Voice over IP (VoIP) products and systems; and on-

premises products." *Id.* ¶ 12. VoIP transmits and receives voice communications over data

networks, such as the internet or private networks, using the internet protocol. *Id.* ¶ 13.

The '298 Patent is titled "Phone Director in a Voice Over IP Telephone System" and

relates to a system that allows a user on one local area network ("LAN") to view a list of phone

extensions associated with another LAN. Estech alleges Ooma directly infringes "at least claim

13" of the '298 Patent. Compl. ¶ 36. Claim 13 recites the following:

> 13. A telecommunications system comprising:
> a first IP telephone coupled to a first IP server within a first LAN;
> second and third telephone extensions coupled to a second IP server within a second LAN;
> a WAN coupling the first LAN to the second LAN, the first LAN, the second LAN, and the WAN communicating using an IP protocol;
> a third LAN coupled to the first and second LANs via the WAN;
> means for displaying on the first IP telephone a list of telephone destinations stored in the second IP server in response to selection of a first input on the first IP telephone, wherein the list of telephone destinations is communicated from the second IP server over the WAN to the first IP telephone;
> means for automatically dialing the selected one of the telephone destinations for a communications link between the first IP telephone and the selected one of the telephone destinations in response to selection of one of the telephone destinations from the displayed list, wherein the selection of one of the telephone destinations from the displayed list is performed in response to selection of a second input on the first IP telephone by a user;
> means for displaying on the first IP telephone a list of LANs coupled to the WAN, including the second and third LANs; and
> means for displaying the first list in response to selection of the second LAN from the displayed list of LANs.

The '684 Patent is titled "Quality of Service in a Voice Over IP Telephone System" and

relates generally to a method of throttling data to ensure robust audio connection when using a

VoIP telephone. Estech alleges Ooma directly infringes "at least claim 42" of the '684 Patent,

which depends from claims 37–41. Compl. ¶ 56. Claims 37–42 recite:

> 37. In an information handling system comprising a hub, a multimedia server ("multimedia server") coupled to the hub, a telephone coupled to the hub, a workstation coupled to the hub through the telephone, and a data server coupled to the hub, a method

United States District Court
Northern District of California

comprising the steps of:

transferring data from the workstation to the telephone, wherein the data sent from the workstation is addressed for transmission to the data server;

communicating audio information between the telephone and the multimedia server; and sufficiently throttling the data sent from the workstation to the telephone to increase a rate of transfer of the audio information during the communicating step, wherein the throttling step further comprises the step of monitoring an amount of the audio information being received by the telephone from the multimedia server, wherein the monitoring step further comprises the step of the telephone sending a congestion message to the multimedia server when the amount of the audio information falls below the predetermined level.

38. The method as recited in claim 37, further comprising the step of the multimedia server sending a throttling signal to the telephone in response to receipt of the congestion message.

39. The method as recited in claim 38, wherein the throttling step operates in response to receipt of the throttling signal.

40. The method as recited in claim 39, wherein the throttling signal includes a mode level.

41. The method as recited in claim 40, wherein the throttling step further comprises the step of adjusting a level of throttling of the data in response to the mode level included in the throttling signal.

42. The method as recited in claim 41, wherein the step of the multimedia server sending a throttling signal to the telephone in response to receipt of the congestion message further comprises the step of setting the mode level to a most aggressive mode, wherein the throttling step will throttle the future amount of data sent from the workstation at a highest level in response to the mode level being in the most aggressive mode.

The '699 Patent is titled "Voice Mail in a Voice Over IP Telephone System" and relates generally to a method of remotely accessing voicemail by streaming the message from one LAN to another.  Estech alleges Ooma directly infringes "at least Claim 1" of the '699 Patent.

Compl. ¶ 69.  Claim 1 recites the following:

1. In a telecommunications system, a method comprising the steps of:

storing a voice mail message in a voice mail box in a voice mail system within a first LAN;

coupling a second LAN to the first LAN over a WAN, wherein the first LAN, the second LAN, and the WAN operate under a routable network protocol;

providing a sensory indication on a telecommunications device within the second LAN that the voice message is stored in the voice mail box within the first LAN; and

the telecommunications device accessing the voice mail system within the first LAN to listen to the voice message stored in the voice mail box,

wherein the step of the telecommunications device accessing the voice mail system within the first LAN to listen to the voice message stored in the voice mail box further

United States District Court
Northern District of California

comprises the steps of:

establishing a channel between the first and second LANs over the WAN;

coupling an audio path over the channel between the telecommunications device and the voice mail box; and

streaming voice data containing the voice message from the voice mail box to the telecommunications device over the audio path, wherein the establishing step further comprises the steps of:

in response to an input at the telecommunications device, sending a user mail box connection message from the second LAN to the first LAN requesting a channel, wherein the user mail box connection message includes an extension associated with the telecommunications device and an identification of the voice mail box;

assigning the channel by the first LAN; and

sending a connection established message from the first LAN to the second LAN.

Estech filed this case on April 26, 2024[1], alleging Ooma's telephony products, software telephony products, and VoIP telephony servers and services infringe the Asserted Patents. Compl. ¶ 21. In particular, Estech alleges the following list of Ooma (1) communication equipment and services, and (2) system-design services constitute the "Accused Instrumentalities" in this case:

> Ooma telephony devices (e.g., Ooma 2602 IP Phone, Ooma 2603 IP Phone, Ooma 2613 IP Phone, Ooma 2624W Wi-Fi IP Phone, Ooma 2670W Wi-Fi IP Phone, Ooma WP825 Cordless IP Phone, Yealink T33G, Yealink T48U, Yealink T48S, Yealink CP925 IP Conference Phone, Yealink T31W Wi-Fi IP Phone, Yealink T34W Wi-Fi IP Phone, Ooma 2624W Wi-Fi IP Phone, Ooma HT812 ATA, Ooma HT814 ATA), Ooma software telephony products (e.g., Ooma Office Mobile App, Ooma Office Desktop App, Talkatone Calling App), Ooma VoIP telephony servers and services (e.g., Ooma AirDial, Ooma Office, Ooma Office Essentials, Ooma Office Pro, Ooma Office Pro Plus), and products and services that incorporate the same or similar technology, that employ VoIP to perform various functions including, but not limited to, voice calling, voicemail, directory services, quality of service, and others using multiple components including, but not limited to, for example, hubs, switches, routers, session border controllers, servers and the like, and the software for operating such components ("Ooma Products and Services").

Compl. ¶ 21; *see also id.* ¶ 24 ("When this Complaint references 'Accused Instrumentalities,' it is

[1] On the same day, Estech filed five separate actions against various defendants in this District based on the same patents with strikingly similar allegations. *See Estech Sys. IP, LLC v. v. 8x8, Inc.*, No. 5:24-cv-2522-EJD (N.D. Cal.) (dismissed); *Estech Sys. IP, LLC v. Freshworks Inc.*, No. 5:24-cv-2525-EJD (N.D. Cal.); *Estech Sys. IP, LLC v. Intermedia.net, Inc.*, No. 5:24-cv-2526-EJD (N.D. Cal.); *Estech Sys. IP, LLC v. Zultys, Inc.*, No. 5:24-cv-2529-EJD (N.D. Cal.) (dismissed); *Estech Sys. IP, LLC v. Zoom Video Commc'ns, Inc.*, No. 5:24-cv-2528-EJD (N.D. Cal.).

Case No.: 24-cv-02527-EJD
ORDER GRANTING MOTION TO DISMISS

4

United States District Court
Northern District of California

1  referring to the telecommunications and information handling systems Ooma offers to sell, sells,

2  and makes for its customers as well as the systems its employees use that are referenced in

3  paragraphs 21–23 above and are incorporated herein by reference").

4  Estech alleges Ooma directly infringes the Asserted Patents by making, having made,

5  using, importing, providing, supplying, distributing, selling, or offering for sale the Accused

6  Instrumentalities.  Estech also brings claims for indirect and willful infringement.

7  Ooma moves to dismiss all claims against it for failure to state a claim under Fed. R. Civ.

8  P. 12(b)(6).

9  **II.     LEGAL STANDARD**

10  Rule 8(a) requires that a complaint contain "a short and plain statement of the claim

11  showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to

12  dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

13  relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

14  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must "plead[] factual content that

15  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

17  (citing *Twombly*, 550 U.S. at 556).

18  Although "a court must accept as true all of the allegations contained in a complaint,"

19  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In patent

21  cases, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly*

22  standard by reciting the [patent] claim elements and merely concluding that the accused product

23  has those elements. There must be some factual allegations that, when taken as true, articulate why

24  it is plausible that the accused product infringes the patent claim."  *Bot M8 LLC v. Sony Corp. of*

25  *Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  "A plaintiff is not required to plead infringement on an

26  element-by-element basis."  *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337,

27  1350 (Fed. Cir. 2018)).  However, a plausible claim requires at least some factual allegations to

28  Case No.: 24-cv-02527-EJD
ORDER GRANTING MOTION TO DISMISS

support a plausible inference that the product at issue satisfies a claim limitation.  *See id.* at 1355.

## III.    DISCUSSION

### A.    Whether Estech Has Stated a Claim for Direct Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."  35 U.S.C. § 271(a).  To plead direct infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8*, 4 F.4th at 1353.  To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary."  *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted).  The complaint needs to only give a defendant "fair notice of what the [infringement] claim is and the ground upon which it rests."  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Estech alleges the "Accused Instrumentalities" infringe certain limitations of the above representative claims using slightly different words than the claim language itself.  *See* Compl. ¶¶ 31–35 (asserting infringement of the '298 Patent); 52–55 (same as to the '685 Patent); 65–68 (same as to the '699 Patent).  For all three Asserted Patents, Ooma argues that Estech has failed to state a claim of direct infringement because Estech simply parrots the claim language and offers "no support at all for its allegations."  Mot. 7.

The Court agrees.  The Federal Circuit is clear that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."  *Bot M8*, 4 F.4th at 1353.  That is what Estech does here.  The complaint lists approximately twenty-three Ooma products and services (Compl. ¶ 21) and then concludes that Ooma has directly infringed the Asserted Patents because Accused Functionalities have some elements of one representative claim of each Asserted Patent (*id.* ¶¶ 31–35, 52–55, 65–68).  This amounts to "a mere recitation of claim elements and corresponding conclusions, without supporting factual allegations" that do not plausibly allege infringement.  *Bot M8*, 4 F.4th at 1355.

United States District Court
Northern District of California

1    Although a "plaintiff is not required to plead infringement on an element-by-element

2 basis" as Estech points out (Opp. 6 (quoting *Bot M8*, 4 F.4th at 1352)), it must do more than

3 simply identify the Accused Instrumentalities, broadly describe "functions" of the Accused

4 Instrumentalities as a whole, and "identify a specific claim from each asserted patent." *Id.* at 5–6

5 (arguing that the complaint identifies "Ooma's Accused Functionalities," the "functions of

6 Ooma's Accused Instrumentalities," and "a specific claim from each asserted patent," and "[t]hus,

7 the complaint complies with the federal pleading requirements").

8    Estech contends that it has provided sufficient notice to Ooma because the complaint

9 (1) "specifically identifies each infringed patent" (Opp. 7 (citing Compl. ¶¶ 30, 51, 64)),

10 (2) "identif[ies] exemplary claims of each patent that are infringed by Ooma" (*id.* (citing Compl.

11 ¶¶ 36, 56, 69)), and (3) "identifies the particular Accused Instrumentalities that Ooma uses or

12 provides in infringing the identified patent claims, along with the constituent parts of the Accused

13 Instrumentalities" (*id.* at 7–8 (citing Compl. ¶¶ 31–35, 52–55, 66–68)).  This argument is no

14 different than saying that Estech has identified the asserted claims of the Asserted Patents and

15 alleged that the Accused Instrumentalities infringe those claims.  Without any supporting factual

16 allegations beyond the conclusory allegations above, the complaint does not provide sufficient

17 notice to Ooma.

18    Estech insists that a result for Ooma would impose on Estech a heightened pleading

19 standard.  Not so.  To be clear, the Court is not endorsing the argument that patent plaintiffs are

20 required at the pleading stage to identify all information that will be later exchanged pursuant to

21 the Local Patent Rules, including claim charts and infringement contentions.  Estech must,

22 however, include additional factual allegations to support a plausible claim of infringement

23 beyond simply identifying the products and claiming they infringe.  *See, e.g.*, *Cyph, Inc. v. Zoom

24 Video Commc'ns, Inc.*, No. 22-CV-00561-JSW, 2022 WL 1556417, at \*3 (N.D. Cal. May 17,

25 2022) (dismissing complaint and concluding that direct infringement claims "would not satisfy the

26 pleading requirements under *Twombly* because they do nothing more than allege Zoom infringes

27 by reciting the relevant claim language verbatim"); *see also Atlas IP LLC v. Pac. Gas & Elec. Co.*,

28 Case No.: 24-cv-02527-EJD
ORDER GRANTING MOTION TO DISMISS

No. 15-CV-05469-EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement claim and explaining that "simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient.").[2]

In sum, due to the conclusory, general nature of the allegations which merely track the claim language, Estech does not plausibly allege direct infringement of the Asserted Patents.  The Court therefore GRANTS Ooma's Motion and DISMISSES WITH LEAVE TO AMEND Estech's claim for direct infringement.

**B.    Whether Estech Has Stated a Claim for Indirect or Willful Infringement**

Having failed to allege any plausible claim for direct infringement of the Asserted Patents, Estech's indirect and willful infringement claims also fail.  *See e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (dismissing indirect infringement claim where complaint failed to state direct infringement claim); *see also Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, No. 23-CV-05792-RFL, 2024 WL 3422598, at *3 (N.D. Cal. July 16, 2024) (dismissing willful infringement claim where complaint failed to state a claim for direct infringement).

The Court therefore GRANTS Ooma's Motion and DISMISSES WITH LEAVE TO AMEND Estech's claims for indirect and willful infringement.

**IV.    CONCLUSION**

For the foregoing reasons, Ooma's Motion is GRANTED WITH LEAVE TO AMEND.

---

[2] Estech's cited cases do not change this result.  First, the Court does not find persuasive Estech's reliance on other district court decisions denying motions to dismiss.  *See* Opp. 4.  Second, *Regents of University of Michigan* is equally unhelpful because the court there denied a motion to dismiss a patent infringement complaint where the arguments before it were "more appropriately presented during claim construction."  *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, No. 19-CV-07470-LHK, 2020 WL 2084891, at *6 (N.D. Cal. Apr. 30, 2020).  No similar arguments are before the Court on this Motion.  Finally, the court in *Windy City Innovations, LLC v. Microsoft Corp.* declined to dismiss a patent infringement complaint which contained sufficient factual allegations regarding the accused products and services; factual allegations lacking in Estech's complaint.  193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016); *see also id.* at ECF No. 1 ¶¶ 16–23.

1    Any amended complaint must be filed within 21 days of this Order.

2

3            **IT IS SO ORDERED.**

4    Dated: March 17, 2025

5

6                                                    EDWARD J. DAVILA
7                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 24-cv-02527-EJD
     ORDER GRANTING MOTION TO DISMISS
                                        9